

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-83,895-01 AND WR-83,895-02

### EX PARTE ROBERT KARL NUNLEY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 21,494-2011 A AND 21,657-2012 A IN THE 402ND DISTRICT COURT
### FROM WOOD COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with indecency with a child by contact in the -01 case, continuous sexual abuse in the -02 case. He pleaded guilty pursuant to a plea agreement in the -01 case in exchange for a twenty-year sentence. Applicant entered an open plea of guilty in the -02 case to the lesser offense of aggravated sexual assault of a child, and was sentenced to life imprisonment, to run concurrently. He did not appeal his convictions.

Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to investigate and interview witnesses. Applicant also alleges that trial counsel coerced him into pleading guilty in both cases, and gave him erroneous assurances that he would receive no more than twenty years' imprisonment if he entered an open plea of guilty in the -02 case.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall supplement the habeas record with copies of the written plea papers from both cases. The trial court shall also supplement the habeas record with transcripts of the plea and sentencing hearings in the -02 case. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact and conclusions of law as to whether Applicant's guilty pleas were knowingly and voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues.

The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 14, 2015
Do not publish